UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIEGO OTONI SOARES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil No. 25-13614-LTS |
| | ) |
| ANTONE MONIZ et al., | ) |
| | ) |
| Respondents. | ) |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

December 4, 2025

SOROKIN, J.

Diego Otoni Soares, a citizen of Brazil who is in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241. His petition is ALLOWED as described below.

In May 2021, Otoni Soares entered the United States without inspection. Doc. No. 1 ¶¶ 1, 14. He was promptly arrested by Customs and Border Protection officers, who then opted to release him on conditions described in an order that facially invoked 8 U.S.C. § 1226. Id. ¶¶ 1, 14–15; Doc. No. 1-3. He has resided in the United States ever since, apparently complying with the orders governing his release. On November 26, 2025—the day before the Thanksgiving holiday—Otoni Soares was arrested by Immigration and Customs Enforcement ("ICE") officers in Leominster, Massachusetts. Doc. No. 1 ¶¶ 2, 16.

On December 1, Otoni Soares instituted this action, attaching a copy of his release order to his habeas petition. Doc. No. 1; Doc. No. 1-3. His petition raises a core challenge that echoes those alleged by petitioners in other cases this Court has recently decided. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order,

Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16.  In an abbreviated memorandum answering the petition, the respondents "submit that the legal issues presented in the Petition are similar to those recently addressed by this Court" in Garcia and Encarnacion, and they acknowledge that the Court "would reach the same result here" if it "follow[ed] its reasoning" in those prior cases.  Doc. No. 7 at 1.  Though they "reserve all rights to appeal," they incorporate their earlier briefing and suggest no further argument is necessary before the Court renders a decision.  Id. at 1 & n.3.

The Court adheres to its prior reasoning—which at least a dozen judges in this District have also applied repeatedly, as have scores of judges nationwide in hundreds of cases to date—and concludes that Otoni Soares is not subject to mandatory detention under 8 U.S.C. § 1225(b).  See Mem. Op. at 10 & n.22, App'x A, Barco Mercado v. Francis, No. 25-cv-6582-LAK (S.D.N.Y. Nov. 26, 2025), ECF No. 28; see also DeAndrade v. Moniz, No. 25-cv-12455-FDS, 2025 WL 2841844, at *6 (D. Mass. Oct. 7, 2025) (finding that if immigration authorities invoked mechanisms available under § 1226 rather than § 1225, they may not later "turn back the clock").  He is entitled to a bond hearing.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release Otoni Soares unless he is provided a bond hearing under 8 U.S.C. § 1226(a) **by December 10, 2025**;[1] 2) the respondents shall not retaliate against the petitioner in the context of the bond hearing or otherwise for filing this habeas petition; and 3) the

---

[1] At the hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk.  Hernandez-Lara v. Lyons, 10 F.4th 19, 42 (1st Cir. 2021).

respondents shall file a status report no later than December 12, 2025, describing their compliance with this Order.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge